STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN K. K. PAUOLE, Defendant-Appellant

NO. 9179

(CRIMINAL NO. 27P)

MARCH 28, 1984

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Defendant John K. K. Pauole (Pauole) appeals his conviction of disorderly conduct in violation of Hawaii Revised Statutes (HRS) § 711-1101(1)(a). We affirm.

The issue is whether, viewed in the light most favorable to the State, there is substantial evidence to support the conviction. *State v. Lima,* 64 Haw. 470, 643 P.2d 536 (1982). Our answer is yes.

On September 25, 1982 Police Officer Manuel Reyes (Reyes) approached a group of six or seven males next to a commercial building and instructed them to leave the area. Pauole, a member of the group, challenged Reyes to remove his gun and badge and to fight. For two or three minutes Pauole yelled at Reyes, telling him to stop harassing them, to leave them alone, and threatening him with bodily injury. By that time a crowd of about twenty to thirty onlookers had gathered. Pauole then assumed a fighting stance toward Reyes but was restrained by his friends. Soon thereafter he was arrested.

After a bench trial, Pauole was convicted of violating HRS § 711-1101(1)(a) (1979) which provides as follows:

　　*Disorderly conduct.* (1) A person commits the offense of dis-

orderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, he:

(a) Engages in fighting or threatening, or in violent or tumultuous behavior[.]

On appeal, Pauole contends that the evidence was insufficient to convict him of disorderly conduct because his conduct was directed only at Reyes as distinguished from a member of the public.

We disagree with Pauole's contention that the evidence must show that he acted intentionally or that his purpose was to cause a member of the public to suffer physical inconvenience. All the evidence has to show is that Pauole, by his threatening and tumultuous behavior, recklessly created the risk that a member of the public would be physically inconvenienced or alarmed. The record contains substantial evidence to support that finding.

Affirmed.

*Alvin T. Sasaki,* Deputy Public Defender, (with *Vernon Yu,* Certified Law Student, University of Hawaii) on the brief for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.