LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29801

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RYAN KILBORN, Defendant-Appellant.

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAI'I

2010 MAY 24 AM 7:59

FILED

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CR. NO. 1P108-13481)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley, Leonard, JJ.)

Defendant-Appellant Ryan Kilborn (Kilborn) appeals from the Judgment filed on April 3, 2009, in the District Court of the First Circuit (district court).[1] Kilborn was charged with the petty misdemeanor offense of disorderly conduct, in violation of Hawaii Revised Statutes (HRS) §§ 711-1101(1)(a) and (3) (1993 & Supp. 2009).[2] After a bench trial, the district court found Kilborn guilty as charged and sentenced him to pay a fine and an assessment totaling $230.

On appeal, Kilborn challenges the sufficiency of the evidence to support his conviction. We affirm.

---

[1] The Honorable Gerald Kibe presided.

[2] HRS §§ 711-1101(1)(a) and (3) provide in relevant part:

(1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:

(a)    Engages in fighting or threatening, or in violent or tumultuous behavior[.]

. . . .

(3) Disorderly conduct is a petty misdemeanor if . . . the defendant persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.

I.

When viewed in the light most favorable to the prosecution, State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004), the evidence presented at trial showed the following.

Kilborn had emerged from the O Lounge on Kapiolani Boulevard and was in the parking lot "yelling profanities and challenging [a group of] four shorter males to fight." It was around 2:15 a.m. and people were just leaving the clubs in the area. The car of Kilborn's companion as well as other cars were in the parking lot. Kilborn was carrying a forty-ounce beer bottle that was full, and it appeared to Police Officer Kevin Takehara, who had been dispatched to the scene, that Kilborn was threatening to throw the bottle at the four men. Officer Takehara testified that Kilborn "would bring his hand back as if he was going to throw the bottle."

Officer Takehara identified himself as a police officer and commanded Kilborn to stop, back away, and drop the bottle. Kilborn refused to comply with Officer Takehara's repeated commands and continued to approach the males, "flailing his arms around[] and . . . making big body." Officer Takehara eventually took action and compelled Kilborn to go to the ground. Officer Takehara arrested Kilborn and observed that Kilborn had red, watery eyes and a strong smell of alcohol. About ten to twenty people had gathered in the parking lot during the incident.

II.

To prove the offense of disorderly conduct as set forth in HRS § 711-1101(1)(a), the prosecution is required to show that the defendant, "by his [or her] threatening [or] tumultuous behavior, recklessly created the risk that a member of the public would be physically inconvenienced or alarmed." State v. Pauole, 5 Haw. App. 120, 121, 678 P.2d 1107, 1108 (1984); (emphasis added); HRS § 711-1101(1)(a). Establishing that a member of the public was actually physically inconvenienced or alarmed by the defendant's conduct is not required, and the absence of direct

evidence that a member of the public was actually physically inconvenienced or alarmed is not dispositive.

Here, there was substantial evidence that Kilborn's conduct recklessly created the risk of physical inconvenience or alarm by a member or members of the public in light of the open nature of the parking lot; the presence of ten to twenty people; and Kilborn's yelling of profanity, challenging others to fight, and threatening to hurl a full forty-ounce beer bottle at others. Such conduct in a public setting presents the type of danger HRS § 711-1101(1)(a) seeks to prevent.

> One of the chief uses of a disorderly conduct statute is to prohibit public brawling. Behavior of this sort is objectionable, *inter alia*, because it tends to disrupt the peace of the community and to alarm or endanger innocent bystanders.

Model Penal Code & Commentaries, Part II § 250.2, comment 3 at 330, American Law Institute (1980) (footnote omitted) (referring to Model Penal Code provision substantially similar to HRS § 711-1101(1)(a)). There was also substantial evidence that Kilborn persisted in his disorderly conduct after reasonable warning or request to desist.

We conclude that there was sufficient evidence to support Kilborn's conviction.

III.

The Judgment of the district court entered on April 3, 2009, is affirmed.

DATED: Honolulu, Hawai'i, May 24, 2010.

On the briefs:

Setsuko Regina Gormley
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plantiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3